UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TREVION SHAVER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-590-JD-JPK |
| RYAN STOCKBRIDGE, | |
| Defendants. | |

## OPINION AND ORDER

Trevion Shaver, a prisoner without a lawyer, filed a complaint against three defendants from the St. Joseph County Jail with unrelated claims. ECF 1. He was given until March 3, 2023, to file an amended complaint that contained only related claims. ECF 7. He was cautioned that if he did not respond by the deadline, the court would select a claim and dismiss any unrelated claims. *Id.* That deadline has passed with no response from Shaver, so the court will proceed to choose a claim for this lawsuit. The remaining claim will be dismissed without prejudice. Shaver may assert that claim in a separate lawsuit, if he wishes, subject to the usual constraints of the Prisoner Litigation Reform Act.

The court will screen the claim concerning the alleged use of excessive force by Deputy Ryan Stockbridge. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Shaver alleges that he cuffed up willingly for Deputy Stockbridge, but the deputy nonetheless kept grabbing and bending his arm and wrist.[1] Then, once Shaver got into his assigned cell, Deputy Stockbridge began pulling hard on his cuffed hands through the food slot. The pain caused Shaver to start moving, and Deputy Stockbridge continued to pull. Even after Shaver's hands were uncuffed, Deputy Shaver still pulled on his wrists and bent them against the hard metal. Shaver denies ever resisting. He says his wrists had cuts and bruises on them.

Because Shaver was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for

---

[1] The date this occurred is not apparent on the face of the complaint. The complaint mentions several dates in July 2022, but it is not clear which date applies to this particular incident.

force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, Shaver plausibly alleges that Deputy Stockbridge used objectively unreasonable force against him by unnecessarily pulling on his arms, causing pain and injuries.

For these reasons, the court:

(1) GRANTS Trevion Shaver leave to proceed against Deputy Ryan Stockbridge in his individual capacity for compensatory and punitive damages for using excessive force against him in July 2022 in violation of the Fourteenth Amendment;

(2) DISMISSES WITHOUT PREJUDICE the plaintiff's claims against Russell Olmstead and Shane Kapp;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Ryan Stockbridge at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the St. Joseph County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deputy Ryan Stockbridge to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 22, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT